# IN THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF FLORIDA TALLAHASSEE DIVISION

**ERIC LEE ERICKSON,**

    **Plaintiff,**

**vs.**                                       **Case No. 4:19cv57-WS/CAS**

**JACK CAMPBELL,**

    **Defendant.**

_____ /

## ORDER and REPORT AND RECOMMENDATION

Plaintiff, proceeding *pro se*, initiated this action on January 28, 2019, by submitting a civil rights complaint under 42 U.S.C. § 1983 against several Defendants, ECF No. 1, and an in forma pauperis motion, ECF No. 2. Ruling could not be made on Plaintiff's in forma pauperis motion, however, because it was unclear whether Plaintiff was a "prisoner" as defined by 28 U.S.C. § 1915(h)[1] in light of his location at the Florida State Hospital. ECF No. 1 at 2.

---

[1] Under 28 U.S.C. § 1915(h), a "prisoner" is defined as "any person incarcerated or detained in any facility who is accused of, convicted of, sentenced for, or adjudicated delinquent for, violations of criminal law or the terms and conditions of parole, probation, pretrial release, or diversionary program."

An Order was entered, ECF No. 5, advising Plaintiff that he must clarify why he is at the Hospital. Specifically, he was directed to file a response stating "whether: (1) he has been convicted of a criminal offense and is currently serving a criminal sentence, parole, or probation at the Hospital, (2) he is accused of committing an offense and is awaiting trial (this includes having been found incompetent to proceed to trial), or (3) he has been involuntarily civilly committed to Florida State Hospital (which includes a finding that he was not guilty by reason of insanity)."[2] ECF No. 5 at 2. If possible, it was suggested that Plaintiff submit a copy of any order which directed his placement at the Hospital. *Id.*

Plaintiff has responded by filing an amended complaint against State Attorney Jack Campbell, ECF No. 6, and an amended in forma pauperis motion, ECF No. 7. Neither document is responsive to the issue of whether Plaintiff is a "prisoner" and would be required to submit an initial partial filing fee if he had funds available to do so. 28 U.S.C. § 1915(b).

---

[2] Having been found not guilty by reason of temporary insanity means that a current detention is for non-punitive purposes and the plaintiff is not a "prisoner" for purposes of the PLRA's full payment provision of filing fees for prisoners. Troville v. Venz, 303 F.3d 1256, 1260 (11th Cir. 2002) (holding "that the PLRA's restrictions on actions brought by prisoners do not apply to civilly committed detainees") (citing Kolocotronis v. Morgan, 247 F.3d 726 (8th Cir. 2001) (holding that an inmate who was held at a mental institution pursuant to a finding that he was not guilty by reason of insanity was not a prisoner within the meaning of the PLRA.)).

Case No. 4:19cv57-WS/CAS

Notwithstanding, review of Plaintiff's amended in forma pauperis motion reveals that Plaintiff has funds with which he can pay the filing fee for this case. ECF No. 7. Plaintiff provided a bank account statement which reveals a balance of approximately four thousand dollars.[3] *Id.* at 5. Accordingly, it is recommended that Plaintiff's amended motion be denied and Plaintiff be required to pay the filing fee if he desires to pursue this case.

To guide Plaintiff in that decision, a review was made of Plaintiff's amended complaint. ECF No. 6. Plaintiff provides no facts which demonstrate that State Attorney Jack Campbell violated his constitutional rights. There are no facts which reveal a potential claim or that Plaintiff was harmed in any way by Jack Campbell. Accordingly, the amended complaint fails to state a claim. Plaintiff should consider the sufficiency of his amended complaint in determining whether to pay the $400.00 filing fee for this case and continue this litigation.

Accordingly, it is **ORDERED** that the Clerk of Court shall seal Plaintiff's amended in forma pauperis motion, ECF No. 7.

---

[3] Because Plaintiff submitted the bank account statement, this Order directs the Clerk of Court to seal that document, ECF No. 7, to protect Plaintiff.

**RECOMMENDATION**

In light of the foregoing, it is respectfully **RECOMMENDED** that Plaintiff's amended in forma pauperis motion, ECF No. 7, be **DENIED** because Plaintiff has sufficient funds to pay the filing fee for this case, and he be required to pay the $400.00 filing fee should he desire to continue this litigation.

**IN CHAMBERS** at Tallahassee, Florida, on February 15, 2019.

 S/    Charles A. Stampelos
**CHARLES A. STAMPELOS**
**UNITED STATES MAGISTRATE JUDGE**

**NOTICE TO THE PARTIES**

Within fourteen (14) days after being served with a copy of this Report and Recommendation, a party may serve and file specific written objections to these proposed findings and recommendations.  Fed. R. Civ. P. 72(b)(2).  A copy of the objections shall be served upon all other parties.  A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof.  Fed. R. Civ. P. 72(b)(2).  Any different deadline that may appear on the electronic docket is for the Court's internal use only and does not control.  If a party fails to object to the Magistrate Judge's findings or recommendations as to any particular claim or issue contained in this Report and Recommendation, that party waives the right to challenge on appeal the District Court's order based on the unobjected-to factual and legal conclusions.  See 11th Cir. Rule 3-1; 28 U.S.C. § 636.