# IN THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF FLORIDA TALLAHASSEE DIVISION

**ERIC LEE ERICKSON, #127087,**

    **Plaintiff,**

vs.                                                                                  Case No. 4:19cv57-WS/CAS

**JACK CAMPBELL, et al.,**

    **Defendants.**

_____/

## SECOND REPORT AND RECOMMENDATION

Previously, an Order was entered in this case by Senior United States District Judge William Stafford, ECF No. 9, which adopted the Report and Recommendation, ECF No. 8, entered in February 2019.[1] Judge Stafford's Order, ECF No. 9, required Plaintiff to pay the $400.00 filing fee by April 16, 2019. Plaintiff has not done so.

Instead, Plaintiff has filed a motion on March 28, 2019, which was not intelligible, ECF No. 10, and was denied. ECF No. 11. Plaintiff was reminded once again that he must pay the filing fee to proceed with this

---

[1] The Report and Recommendation noted that Plaintiff's in forma pauperis motion, ECF No. 7, indicated Plaintiff had over four thousand dollars in his bank account and, thus, appeared to have access to sufficient funds with which to pay the filing fee for this case. ECF No. 8.

case. *Id.* Plaintiff was warned that if he did not pay the fee, a recommendation would be made to dismiss this case. *Id.* Additionally, Plaintiff was reminded that his initial complaint, ECF No. 1, had already been reviewed and was found deficient. Thus, Plaintiff was required to submit a second amended complaint which presented facts showing what each named Defendant did, or failed to do, that Plaintiff believes caused him harm and was unconstitutional. ECF No. 11.

On April 22, 2019, Plaintiff filed a second amended complaint, ECF No. 12, and another in forma pauperis motion, ECF No. 13. Plaintiff's in forma pauperis motion is again insufficient as Plaintiff does not demonstrate why he cannot pay the filing fee which he was ordered to pay. *See* ECF Nos. 9. 10. Notwithstanding, judicial notice is taken of other cases which Plaintiff initiated in this Court.

Plaintiff has also filed case numbers: 4:19cv57-WS-CAS, 4:19cv58-MW-CAS, and 4:19cv115-MW-CAS. In case number 4:19cv115, a Report and Recommendation was entered recommending that Plaintiff's in forma pauperis motion be denied because it appeared that he had sufficient funds available to pay the filing fee. However, Plaintiff subsequently demonstrated that he lacked access to his personal bank account and could not pay the filing fee. An Order was entered in that case (which

granted Plaintiff in forma pauperis status and vacated the Report and Recommendation) advising Plaintiff that similar action would not be taken in any of Plaintiff's other cases absent the filing of a specific motion in those cases requesting such relief.[2]

It now appears that Plaintiff's instant in forma pauperis motion, ECF No. 13, is likely intended to serve that purpose. The motion does not clearly do so, but in light of Plaintiff's other known case, Plaintiff's motion here, ECF No. 13, should be granted and Plaintiff permitted to proceed without payment of the filing fee.

Having granted Plaintiff in forma pauperis status, Plaintiff's second amended complaint may now be reviewed. 28 U.S.C. § 1915. Plaintiff's second amended complaint, however, is insufficient because it is identical to the complaint, ECF No. 1, initially filed. Plaintiff does not include a statement of his claim nor does he identify any constitutional right which was allegedly violated. ECF No. 12 at 6. Plaintiff also does not request any relief from this Court. *Id.* However, based on the lack of factual allegations which are insufficient to state a claim, no relief could be granted

---

[2] Part of the reason for doing so is that review of Plaintiff's complaints revealed they were all insufficient as filed, and because Plaintiff was directed to consider whether or not he could bring all of his claims in one case which would mean Plaintiff would be responsible for only one filing fee.

even if Plaintiff had requested relief. In short, Plaintiff's complaint does not show that any named Defendant caused him harm. Plaintiff does not present facts which show what any Defendant did to Plaintiff. The factual allegations are nonsensical and do not reveal that Plaintiff's constitutional rights have been violated. Accordingly, it is recommended that this action be dismissed as frivolous.

**Recommendation**

It is respectfully **RECOMMENDED** that the Order which denied Plaintiff in forma pauperis status, ECF No. 9, be **VACATED** and Plaintiff's recent in forma pauperis motion, ECF No. 13, be **GRANTED** such that Plaintiff can proceed with in forma pauperis status. It is further recommended that Plaintiff's second amended complaint, ECF No. 12, be **DISMISSED** as frivolous, and that all other pending motions be **DENIED**. Finally, the Clerk of Court should be required to note on the docket that this cause was dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(i).

**IN CHAMBERS** at Tallahassee, Florida, on May 6, 2019.

        S/    Charles A. Stampelos
**CHARLES A. STAMPELOS**
**UNITED STATES MAGISTRATE JUDGE**

Case No. 4:19cv57-WS/CAS

## **NOTICE TO THE PARTIES**

Within fourteen (14) days after being served with a copy of this Report and Recommendation, a party may serve and file specific written objections to these proposed findings and recommendations. Fed. R. Civ. P. 72(b)(2). A copy of the objections shall be served upon all other parties. A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof. Fed. R. Civ. P. 72(b)(2). **Any different deadline that may appear on the electronic docket is for the Court's internal use only and does not control.** If a party fails to object to the Magistrate Judge's findings or recommendations as to any particular claim or issue contained in this Report and Recommendation, that party waives the right to challenge on appeal the District Court's order based on the unobjected-to factual and legal conclusions. *See* 11th Cir. Rule 3-1; 28 U.S.C. § 636.